I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:         DATE:      DEPUTY CLERK:

Plaintiff w/ form on May 15, 2015 by DV



FILED
CLERK, U.S. DISTRICT COURT

May 15, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DV___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GILBERT SOLIS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>STATE OF CALIFORNIA et al.,<br><br>　　　　Defendants. | No. EDCV 14-01879-FMO (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

　　　On December 5, 2014, Plaintiff Gilbert Solis, who is a state prisoner at the California Institution for Men ("CIM") in Chino, California, filed a pro se complaint alleging violations of 42 U.S.C. § 1983. After the Court dismissed the complaint with leave to amend, Plaintiff filed a first amended complaint on March 23, 2015. Dkt. 12 ("FAC").

　　　The FAC names the following Defendants: (1) J. Lewis, the Director of Policy and Risk Management Services, California Correctional Health Care Services; (2) Dr. T. Le, the Chief Physician and Surgeon at CIM; (3) Dr. M. Farooq, a physician at CIM; (4) Dr. Pollick, Plaintiff's primary care physician

at CIM; (5) Dr. Oh, Plaintiff's primary care physician at CIM; (6) Doe Defendants 1 through 100; and (7) the California Department of Corrections ("CDCR"). FAC at 3-4.[1] Plaintiff names all of the individual Defendants in both their individual and official capacities. Id.

In accordance with 28 U.S.C. § 1915A, the Court must screen the FAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The gravamen of Plaintiff's complaint is that Defendants acted with deliberate indifference to his serious medical needs by failing to properly treat a rash and failing to provide proper treatment and follow up care for a hernia condition.

Plaintiff alleges that he has suffered from a chronic skin condition since 2009, which Defendants failed to properly diagnose and treat. When Plaintiff was seen by Dr. Pollick on December 17, 2013, he was given a small tube of hydrocortisone cream and a prescription to treat scabies. FAC at 8. Plaintiff alleges that this treatment actually worsened his skin condition, causing him great pain. Id. Plaintiff requested to see a dermatologist, but his request was denied by Drs. Pollick, Le, and Farooq. Id. at 8-9. Plaintiff's medical appeal regarding his skin condition was ultimately denied by Lewis. Id. at 10.

Plaintiff further alleges that he made multiple complaints regarding a chronic hernia condition, which were generally ignored by Defendants. Id. at 10-11. On October 13, 2013, Plaintiff was given a CT scan to evaluate the hernia in preparation for surgery. Id. at 11. The hernia repair surgery was

---

[1] All page citations are to the CM/ECF pagination.

apparently postponed because a tumor was detected on Plaintiff's kidney. Id. However, a second CT scan did not detect any tumor. Id. Plaintiff alleges that, during this time, he had developed a large open sore in his abdomen due to a failure to repair his hernia. Id. at 12.

On April 17, 2014, Plaintiff "received hospital surgical services related to historical hernia repair complications including excision of infected mesh, tissue debridement, lysis of adhesions (scar tissue), and the repair of infected ventral and incisional hernias." Id. at 13. After surgery, CDCR officers immediately transported Plaintiff back to CIM, where he failed to receive any post-operative treatment. Id.

Plaintiff alleges that Defendants deliberately ignored his complaints of pain, infection, and fever. Id. at 13-15. Subsequently, Plaintiff developed a post-operative wound infection, which required him to be hospitalized for ten days, from April 30 through May 9, 2014. Id. at 13. After being released from the hospital, Plaintiff was placed in out-patient housing for 24 hour intensive care, where he remained until at least June 18, 2014. Id. at 14.

## III.
## STANDARD OF REVIEW

The Court's screening of the FAC is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi

1  v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the
2  liberal pleading standard . . . applies only to a plaintiff's factual allegations."
3  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of
4  a civil rights complaint may not supply essential elements of the claim that
5  were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251,
6  1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th
7  Cir. 1982)).  Moreover, with respect to Plaintiff's pleading burden, the
8  Supreme Court has held that "a plaintiff's obligation to provide the 'grounds'
9  of his 'entitlement to relief' requires more than labels and conclusions, and a
10 formulaic recitation of the elements of a cause of action will not do. . . .
11 Factual allegations must be enough to raise a right to relief above the
12 speculative level . . . on the assumption that all the allegations in the complaint
13 are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S.
14 544, 555 (2007) (internal citations omitted, alteration in original); see also
15 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for
16 failure to state a claim, "a complaint must contain sufficient factual matter,
17 accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim
18 has facial plausibility when the plaintiff pleads factual content that allows the
19 court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." (internal citation omitted)).
21      If the Court finds that a complaint should be dismissed for failure to state
22 a claim, the Court has discretion to dismiss with or without leave to amend.
23 Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to
24 amend should be granted if it appears possible that the defects in the complaint
25 could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also
26 Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro
27 se litigant must be given leave to amend his or her complaint, and some notice
28 of its deficiencies, unless it is absolutely clear that the deficiencies of the

4

complaint could not be cured by amendment") (citing <u>Noll v. Carlson,</u> 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105-06; see, e.g., <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## IV.

## DISCUSSION

### A. Official Capacity Claims

Despite the Court's admonition when it dismissed the original complaint, Plaintiff has again named each of the individual Defendants in his official capacity. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); see also <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72 (1985); <u>Larez v. City of L.A.</u>, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is <u>not</u> a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166. Here, all of the Defendants are officers or agents of the CDCR. Therefore, all of Plaintiff's claims against Defendants in their official capacities are tantamount to claims against the CDCR.

However, states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 64–66 (1989); see also <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991) (clarifying that the

5

Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities). The CDCR is an agency of the State of California and, therefore, entitled to Eleventh Amendment immunity. See Brown v. Cal. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of the state's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Accordingly, Plaintiff's claims for damages against the Defendants in their official capacities and against the CDCR are barred by the Eleventh Amendment.

**B.      Eighth Amendment Deliberate Indifference**

Plaintiff has failed to state a cognizable Eighth Amendment deliberate indifference claim against Dr. Pollick. The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and "tak[ing] reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (citing Hudson, 468 U.S. at 526-27).

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the

victim is a prisoner." See Gamble, 429 U.S. at 106; see, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

First, with respect to Plaintiff's claim of deliberate indifference regarding his rash, the exhibits attached to the FAC demonstrate that Dr. Pollick and the medical staff at CIM were aware of the condition and were trying to treat it with medicated steroid cream. See FAC at 23, 26-27. Plaintiff was seen by medical staff at CIM multiple times regarding his rash, and it was noted that the condition was improving. Id. Plaintiff's contention that the steroid cream was not alleviating the rash and that Dr. Pollick should have prescribed some other form of treatment does not demonstrate deliberate indifference. Plaintiff has not alleged that prison officials deliberately gave him an ineffective treatment specifically for the purpose of causing pain. The Ninth Circuit has repeatedly stated that if an inmate's allegation of deliberate indifference is based on prison officials' choices among alternative courses of medical treatment for a serious condition, when the inmate believes another course of treatment is warranted, then the inmate has not stated a claim for violation of the Eighth Amendment. See, e.g., Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); see also Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) (noting that "state prison authorities have wide discretion regarding the nature and extent of medical treatment") (citation omitted).

Second, with respect to Plaintiff's claim of deliberate indifference regarding his hernia condition, the exhibits also demonstrate that prison officials were aware of the problem and were attempting, albeit at times

8

unsuccessfully, to treat Plaintiff's hernia. The medical records show that Plaintiff had surgery to correct an earlier hernia repair. After Plaintiff was released from the hospital and returned to CIM, he complained of pain, fever, and infection at the surgery site. Plaintiff was subsequently readmitted to the hospital for surgical consultation, antibiotic treatment, wound care, and blood tests. See FAC at 26-27. Plaintiff contends that he received inadequate post-operative treatment, which caused his wound to become infected. He also claims that medical staff delayed in returning him to the hospital after the wound became infected. However, Plaintiff has not alleged that prison officials deliberately delayed returning him to the hospital for the express purpose of causing pain.

Even if Dr. Pollick should have immediately scheduled Plaintiff's hernia surgery, provided more thorough post-operative care, and immediately readmitted Plaintiff to the hospital when his wound became infected, Plaintiff has, at most, pleaded negligence or medical malpractice. However, "[m]ere indifference, negligence, or medical malpractice will not support" an Eighth Amendment deliberate indifference claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). Plaintiff's deliberate indifference claim against Dr. Pollick is therefore subject to dismissal.

**C.      The Administrative Grievance Process**

Plaintiff alleges claims against Lewis, Le, Farooq, and Oh based solely upon their review and denial of his administrative grievances regarding his medical care at CIM. See FAC at 9-10, 13-14, 16. Plaintiff generally alleges that these Defendants are responsible for the alleged deliberate indifference shown by Plaintiff's primary care physician, Dr. Pollick, based upon their denial of his administrative grievances. These allegations are insufficient to state a viable § 1983 claim against these Defendants.

As an initial matter, the Court notes that Plaintiff has no constitutional

right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also George v. Smith, 507 F.3d 605, 609–10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.").

A prison official's denial of an inmate's grievance or appeal from a misconduct finding generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability. See, e.g., Wilson v. Woodford, 2009 WL 839921, *6 (E.D. Cal. 2009) (ruling against a prisoner on an administrative complaint does not cause or contribute to the violation); Foreman v. Goord, 2004 WL 1886928 (S.D.N.Y. 2004) (holding prison superintendent's affirmation of the plaintiff's grievance denial insufficient to establish personal involvement necessary for section 1983 liability); Piggie v. Parke, 1997 WL 284796, *3 (N.D. Ind. 1997) ("The mere act of denying a grievance following a transitory incident, however, does not provide a basis for liability under § 1983. Prisoners have no constitutional right to a grievance procedure...") (citation omitted).

Here, the FAC does not allege any facts that establish either personal involvement by Lewis, Le, Farooq, or Oh in the alleged constitutional violations or any direct causal connection between any action or inaction on the part of these Defendants and the alleged constitutional violation.

10

Accordingly, Plaintiff has failed to state a claim with respect to any of his claims regarding the processing and review of his prison grievances.

**D.     Supervisory Liability**

Plaintiff's allegations also implicate Lewis, Le, Farooq, and Oh on the basis of supervisory liability. Supervisory personnel are generally not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In Iqbal, 556 U.S. at 676, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
>
> 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly

11

|   |   |
|---|---|
| 1 | refus[ing] to terminate a series of acts by others, which [the |
| 2 | supervisor] knew or reasonably should have known would cause |
| 3 | others to inflict a constitutional injury.' 'A supervisor can be liable |
| 4 | in his individual capacity for his own culpable action or inaction in |
| 5 | the training, supervision, or control of his subordinates; for his |
| 6 | acquiescence in the constitutional deprivation; or for conduct that |
| 7 | showed a reckless or callous indifference to the rights of others.' |

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff names Lewis, Le, Farooq, and Oh as Defendants on the basis that they have supervisory authority, but fails to set forth any specific allegations that they personally participated in Plaintiff's alleged mistreatment. Nor does Plaintiff set forth any factual allegations that these Defendants either personally promulgated any policy that had a direct causal connection with the constitutional injuries of which Plaintiff complains or knowingly acquiesced to any alleged misconduct. Accordingly, Plaintiff has again failed to state a viable § 1983 claim against these Defendants.

## V.
## CONCLUSION

Because Plaintiff's official-capacity claims against Defendants, his deliberate indifference claims, his claims regarding denial of his administrative grievances, and his supervisory claims all fail to state a claim upon which relief may be granted, the FAC is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such

dismissal will be with leave to amend. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: May 15, 2015

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge