I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:        DATE:    DEPUTY CLERK:
Plaintiff on 11-16-15 by TS (w/form)



FILED
CLERK, U.S. DISTRICT COURT

November 16, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TS _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GILBERT SOLIS<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>Defendant. | No. ED CV 14-01879-FMO (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

On December 5, 2014, Plaintiff Gilbert Solis ("Plaintiff"), who is a state prisoner at the California Institution for Men ("CIM") in Chino, California, filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983. Dkt. 4 ("Complaint"). After the Court dismissed the Complaint with leave to amend, Plaintiff filed a first amended complaint on March 23, 2015. Dkt. 12 ("FAC"). The Court dismissed the FAC with leave to amend and Plaintiff filed a second amended complaint on September 29, 2015. Dkt. 20 ("SAC").

The SAC names the following Defendants: (1) J. Lewis, the Director of Policy and Risk Management Services, California Correctional Health Care

Services; (2) Dr. T. Le, the Chief Physician and Surgeon at CIM; (3) Dr. M. Farooq, a physician at CIM; (4) Dr. Pollick, Plaintiff's primary care physician at CIM; (5) Dr. Oh, Plaintiff's primary care physician at CIM; and (6) Doe Defendants 1 through 100. SAC at 3-4.[1] Plaintiff names all of the Defendants in their individual capacities. Id.

In accordance with 28 U.S.C. § 1915A, the Court must screen the SAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs over the past seven years by failing to properly treat a skin condition and failing to provide proper treatment and follow up care for a hernia. SAC at 16-20. Plaintiff alleges that Defendants' actions are cruel and unusual punishment in violation of both federal and state law. Id.

Plaintiff has suffered from a "significant infectious skin disease" for the last seven years. Id. at 18.[2] Plaintiff also had a "botched" hernia operation on an unspecified date. Id. at 11. On April 17, 2014, surgeons operated on Plaintiff to address complications from his previous hernia surgery. Id. at 20. After a lengthy surgery, CDCR officers immediately transported Plaintiff back to CIM, forcing him to walk with chains around his waist and feet. Id. Once there, officers forced Plaintiff to walk back to his housing unit and denied him access to post-operative treatment. Id. at 21. On April 30, 2014, after Plaintiff

---

[1] All page citations are to the CM/ECF pagination.

[2] For the purposes of this Memorandum and Order, the facts alleged in the SAC are taken as true.

1  suffered a fourth "man down" incident, he was rushed to an emergency room
2  with a 104-degree fever and was treated for a post-operative wound infection.
3  Id.

4       Plaintiff's first cause of action alleges negligence against Defendants for
5  their medical treatment. Id. at 16-17. Plaintiff's second cause of action alleges
6  that Defendants intentionally inflicted emotional distress through their
7  inadequate treatment of his medical conditions. Id. at 17-18.  Plaintiff's third
8  and fourth causes of action each allege that Defendants violated the Eighth
9  Amendment's prohibition against cruel and unusual punishment. Id. at 18-22.
10 The third cause of action focuses on Defendants' neglect of his skin condition
11 and his worsening medical condition. Id. at 18-19. The fourth cause of action
12 focuses on Defendants' failure to provide post-surgery treatment. Id. at 19-22.
13 Plaintiff's fifth cause of action alleges that Defendants' violated California
14 Government Code § 845.6 by failing to summons medical aid for Plaintiff. Id.
15 at 22-23. Finally, Plaintiffs' sixth cause of action is a third claim under the
16 Eighth Amendment's prohibition against cruel and unusual punishment, this
17 one focusing generally on Plaintiff's medical care. Id. at 23-24.

18                                  **III.**
19                        **STANDARD OF REVIEW**
20       The Court's screening of the SAC is governed by the following
21 standards. A complaint may be dismissed as a matter of law for failure to state
22 a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient
23 facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't,
24 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states
25 a claim on which relief may be granted, its allegations of material fact must be
26 taken as true and construed in the light most favorable to Plaintiff. See Love v.
27 United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is
28 appearing pro se, the Court must construe the allegations of the complaint

                                        3

liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice

4

of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

**IV.**

**DISCUSSION**

**A.**    **Plaintiffs' Claims Against Supervisory Personnel Are Subject to Dismissal**

Supervisory personnel are generally not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In Iqbal, 556 U.S. at 676, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  The Ninth Circuit thus held:

///

A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury.  The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'

'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff again names Lewis, Le, and Farooq as Defendants solely on the basis that they have supervisory authority, but fails to set forth any specific allegations that they personally participated in Plaintiff's alleged mistreatment. Plaintiff again fails to set forth any factual allegations that these

6

1  Defendants either personally promulgated any policy that had a direct causal
2  connection with the constitutional injuries of which Plaintiff complains or
3  knowingly acquiesced to any alleged misconduct. Accordingly, Plaintiff has
4  again failed to state a viable § 1983 claim against these Defendants.

5  **B.    Plaintiff's Eighth Amendment Claims**

6          The Eighth Amendment proscription against cruel and unusual
7  punishment also encompasses the government's obligation to provide adequate
8  medical care to those whom it is punishing by incarceration. Estelle v.
9  Gamble, 429 U.S. 97, 103 (1976). In order to establish an Eighth Amendment
10 claim based on inadequate medical care, Plaintiff must show that Defendants
11 were deliberately indifferent to his serious medical needs. Jett v. Penner, 439
12 F.3d 1091, 1096 (9th Cir. 2006).

13         The test for deliberate indifference consists of two parts. First, Plaintiff
14 must show a "serious medical need" by demonstrating that failure to treat a
15 condition could result in "further significant injury or the unnecessary and
16 wanton infliction of pain." Id. (citation omitted). Second, Plaintiff must show
17 that a defendant's response to the need was deliberately indifferent. Id. Plaintiff
18 may establish this second prong by showing (1) a purposeful act or failure to
19 respond to a prisoner's pain or possible medical need and (2) harm caused by
20 the indifference. Id. Put another way, Plaintiff must show that the prison
21 officials were subjectively aware of his serious medical need and failed to
22 adequately respond. Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir.
23 2010) (citing Farmer v. Brennan, 511 U.S. 825, 828 (1994)).

24         The indifference to a prisoner's medical needs must be substantial; mere
25 indifference, negligence, or even medical malpractice will not support a claim
26 of constitutional deprivation. Lemire v. California Dep't of Corrections and
27 Rehab., 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citing Broughton v. Cutter
28 Labs., 622 F.2d 458, 460 (9th Cir. 1980)). "Even gross negligence is insufficient

7

1  to establish deliberate indifference to serious medical needs." <u>Lemire</u>, 726 F.3d

2  at 1082 (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

3  However, deliberate indifference in cases involving medical needs of prisoners

4  is a less stringent standard than that of other cases involving harm to prisoners

5  because the State's responsibility to provide medical care to prisoners

6  "ordinarily does not conflict with competing administrative concerns." <u>Silvis v.</u>

7  <u>Davis</u>, 585 Fed.Appx. 606, 609 (9th Cir. 2014) (quoting <u>McGuckin v. Smith</u>,

8  974 F.2d 1050, 1060 (9th Cir. 1992) (internal quotations omitted)).

9        **1.    Plaintiff's Skin Condition**

10            With respect to Plaintiff's claim of deliberate indifference regarding his

11  skin condition, the exhibits attached to the SAC demonstrate that Dr. Pollick

12  and medical staff at CIM were aware of the condition and diagnosed it as mild

13  eczema on November 8, 2013. SAC at 34. Plaintiff was then given a topical

14  steroid cream as treatment and has been given blood tests as part of his

15  continuing care. <u>Id.</u> at 34-35. Although Plaintiff claims that the treatment was

16  ineffective, the SAC does not allege that Dr. Pollick deliberately gave him an

17  ineffective treatment specifically for the purpose of causing pain. As the Court

18  previously stated, if an inmate's allegation of deliberate indifference is based on

19  prison officials' choices among alternative courses of medical treatment for a

20  serious condition, when the inmate believes another course of treatment is

21  warranted, then the inmate has not stated a claim for violation of the Eighth

22  Amendment. <u>See, e.g.</u>, <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir.1996);

23  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir.1989); <u>see also</u> <u>Jones v. Johnson</u>,

24  781 F.2d 769, 771 (9th Cir.1986) ("[S]tate prison authorities have wide

25  discretion regarding the nature and extent of medical treatment." (citation

26  omitted)). It thus does not appear to the Court that Defendants' treatment of

27  Plaintiff's skin condition can form the basis for a deliberate indifference claim.

28  ///

8

1  **2.    Plaintiff's Hernia Condition**

2      With respect to Plaintiff's hernia condition, Plaintiff alleges that Dr.

3  Pollick refused to treat Plaintiff after his surgery. SAC at 21. Plaintiff claims

4  Defendants deliberately and intentionally inflicted a substantial amount of pain

5  when they removed him from the intensive care unit after his surgery, without

6  proper medication or ambulatory medical devices, and took him back to his

7  housing facility. Id. at 20-21. Plaintiff had to walk a quarter-mile to retrieve his

8  prison clothes and another quarter-mile back to his housing unit while "his

9  guts were bleeding, swollen, and in excruciating pain." Id. at 21. Plaintiff

10  claims that the staff refused to attend to him and told him to wait until the

11  morning medical staff arrived. Id.

12      Subsequently, Dr. Pollick refused to see or examine Plaintiff even after

13  he went "man down" three times. Id. at 21. Plaintiff contends that as a result

14  of a total lack of post-operative care, Plaintiff went "man down" a fourth time

15  on April 30, 2014 and he was rushed to a hospital with a 104-degree fever and

16  received treatment for a post-operative wound infection. Id. Plaintiff also

17  claims that Dr. Pollick stated that "Plaintiff deserved the cruel and unusual

18  punishment" and he hoped "that Plaintiff would have died." Id. at 14.

19      The Court finds that Defendant has arguably alleged facts sufficient to

20  state an Eighth Amendment claim against Dr. Pollick for the post operational

21  treatment of Plaintiff's wounds. Plaintiff alleges sufficient facts to establish that

22  he suffered a serious medical problem and that Dr. Pollick had subjective

23  awareness of the risk to Plaintiff when he refused to examine Plaintiff

24  following a surgery, failed to address Plaintiff's complaints of pain and need

25  for post-operative care, and failed to take action after three "man-down"

26  incidents. As Plaintiff's primary care physician, Dr. Pollick knew that Plaintiff

27  underwent surgery for his hernia condition and was also aware that post-

28  operative treatment was needed to prevent complications. Additionally, the

9

three "man-down" incidents gave Dr. Pollick subjective awareness of the substantial risk of not providing post-operative care. Accordingly, Plaintiff suffered a post-operative wound infection that resulted from being denied necessary treatment. See Kunkel v. Dill, No. 09-00686, 2009 WL 5029576, at *10 (E.D. Cal. Dec. 15, 2009) (finding of a cognizable claim for violation of the Eighth Amendment against a defendant who delayed and denied treatment for plaintiff's ankle injury including withholding post-operative treatment, such as ice packs, after plaintiff received surgery on his ankle).

### 3.   Dr. Oh and Doe Defendants

The Court finds, however, that Plaintiff has not alleged facts sufficient to show that Dr. Oh or any Doe Defendant violated the Eighth Amendment. In fact, the SAC fails to allege any specific acts or omissions by Dr. Oh which demonstrated that Dr. Oh was deliberately indifferent to Plaintiff's medical needs. Additionally, Plaintiff does not allege any acts by Doe Defendants that demonstrate they were aware of a serious medical need and acted with deliberate indifference. There is insufficient evidence to support a finding that Doe Defendants were aware of a substantial risk of serious harm when they required Plaintiff to walk to his housing unit or made him wait until the morning after to see a doctor. See Duarte v. Gill, 359 F. App'x 883, 884 (9th Cir. 2009) (holding that defendants did not act with deliberate indifference when they required plaintiff to walk, at times unassisted, on his broken foot); see also Tilei v. McGuiness, No. 10-00069, 2010 WL 4024913, at *6 (E.D. Cal. Oct. 13, 2010) (holding that claims of deliberate indifference are insufficient because plaintiff did not allege that defendants knew that their actions would place plaintiff at risk). Accordingly, Plaintiff's claims against Dr. Oh and the Doe Defendants are subject to dismissal.

///

///

**C.**   **State Law Claims**

    **1.**   **Intentional Infliction of Emotional Distress**

To prevail on a claim of intentional infliction of emotional distress under California law, a plaintiff must establish: "(1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1050 (2009) (internal quotation marks omitted). Here, Plaintiff asserts that he suffered "humiliation, mental anguish, physical harm with emotional and physical distress." SAC at 18. These conclusory statements do not establish severe emotional distress. <u>See</u> <u>Hughes</u>, 46 Cal.4th at 1051 ("With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar. Severe emotional distress means emotional distress of such a substantial quality or enduring quality that no reasonable [person] in civilized society could be expected to endure it."). Therefore, Plaintiff has failed to state a claim for the intentional infliction of emotional distress and this claim is subject to dismissal.

    **2.**   **Government Code § 845.6**

In order to state a claim under California Government Code § 845.6, Plaintiff must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care. <u>See</u> <u>Jett</u>, 439 F.3d at 1099. Liability for § 845.6 is limited to serious and obvious medical conditions requiring immediate care and does not impose a duty to monitor the quality of care provided. <u>Id.</u>

Except for Dr. Pollick's failure to provide post-operative care, Plaintiff does not allege any facts about a specific incident in which any other Defendant knew of a need for immediate medical care and failed to reasonably

1 | summons the care. Accordingly, Plaintiff's allegations are insufficient to state a
2 | claim under § 845.6 as to any Defendant other than Dr. Pollick.

### V.

### CONCLUSION

The Court therefore finds that Plaintiff's claims against Defendants Lewis, Le, Farooq, and Oh are subject to dismissal, as are Plaintiff's claims of intentional infliction of emotional distress and his Eighth Amendment claim relating to his skin condition. The Court has already given Plaintiff two opportunities to amend. A pro se litigant like Plaintiff must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the compliant cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). The Court will therefore provide Plaintiff with another opportunity on all claims against all Defendants. However, Plaintiff is cautioned that a failure to abide by the directives in this Order may lead to a recommendation that any claims that remain defective be dismissed without leave to amend.

///
///
///
///
///
///
///
///
///
///
///
///

If Plaintiff still desires to pursue his causes of action, he shall file a Third Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. The causes of action should be numbered and each defendant clearly associated with a cause of action. The Third Amended Complaint should be no longer than 40 pages; bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document. Plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or that if he fails to file a Third Amended Complaint that complies with the limitations of this paragraph, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute and/or failure to obey this Court's orders.

Dated:  November 16, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge